RECEIVED
2007 MAR 13 A 9:06
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

#247684
Dexter Rogene Holmes
Full name and prison number of plaintiff(s)

v.

(1) Warden James Deloach Individual and official Capacity as Warden Elmore County
(2) Deputy Warden Phyllis Billups Individual and official Capacity
(3) Leitenant Gwendolyn Tarrance Individual and official Capacity
(4) Sgnt. Sonja Rose Individual and official Capacity
(5) Officer Samuel Johnson Individual and official Capacity

Name of person (s) who violated your constitutional rights. (List the names of all the persons.)

CIVIL ACTION NO. 2:07CV219-WKW
(To be supplied by Clerk of U.S. District Court)

I. PREVIOUS LAWSUITS

A. Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action? YES ( ✓ ) NO ( )

B. Have you begun other lawsuits in state or federal court relating to your imprisonment? YES ( ✓ ) NO ( )

C. If your answer to A or B is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1. Parties to this previous lawsuit:

Plaintiff(s) Dexter Rogene Holmes

Defendant(s) Sheriff Billy McGee Et, Al

2. Court (if federal court, name the district; if state court, name the county) United States District Court For The Southern District of Mississippi Hattiesburg Division

3. Docket number Civil Action No: 2:06 CV 89-KS-MTP

4. Name of judge to whom case was assigned Magistrate Judge Michael T. Parker

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) Still Pending - Stipulation Plaintiff Filed Voluntary Dismissal Motion Due To Unable Too Proceed Without Counsel

6. Approximate date of filing lawsuit March 6, 2006

7. Approximate date of disposition N/A

II. PLACE OF PRESENT CONFINEMENT Draper Correctional Facility P.O. Box 1107 Elmore Alabama 36025

PLACE OF INSTITUTION WHERE INCIDENT OCCURRED Draper Correctional Facility P.O. Box 1107 Elmore Alabama 36025 Recreation Yard and Unit

III. NAME AND ADDRESS OF INDIVIDUAL(S) YOU ALLEGE VIOLATED YOUR CONSTITUTIONAL RIGHTS.

| | NAME | ADDRESS |
|---|---|---|
| 1. | Warden James Deloach | Draper Correction P.O. Box 1107 Elmore Alabama 36025 |
| 2. | Deputy Warden Phyllis Billups | " " |
| 3. | Leiutenant Gwendolyn Tarrance | " " |
| 4. | Sgt. Sonja Rose | " " |
| 5. | Officer Samuel Johnson | " " |
| 6. | | |

IV. THE DATE UPON WHICH SAID VIOLATION OCCURRED Febuary 10, 2007 and onward

V. STATE BRIEFLY THE GROUNDS ON WHICH YOU BASE YOUR ALLEGATION THAT YOUR CONSTITUTIONAL RIGHTS ARE BEING VIOLATED:

GROUND ONE: Reckless Disregard Violation of Eighth Amendment [illegible] Cruel and Unusual Punishment Clause

SUPPORTING FACTS: Previously and before date of actual violation; I personaly sent request forms, wrote greivances informing Warden James Deloach and Deputy Warden Billups about officers threatening me also inmates threatening me. Wrote greivance informing officials that my life is in danger. Now have been placed in the Cell Block with same inmate who assaulted me. Also informed officials about corrupt officers transporting marijuana to inmate so that inmates can be extorted. At this time have in possession copy of greivances, and Disciplinary Report, Medical Care has injury report.

GROUND TWO: Deliberate Indifference Failure To Protect; Increaseing Harassment From Other officers of Draper Correction Administration.

SUPPORTING FACTS: On Febuary 10, 2007 I was surrounded and assaulted by Ramon Cortez a Mexican that is apart of a Mexican Clique. Occurrence on the recreation yard where Officer Samuel Johnson was manning the tower. Sgt. Rose and other officials didn't arrive until after the incident was over. Later I was punished repeatedly; Lt. Tarrance recommended 45 days loss of all privelages 45 days extra duty which was approved by Warden Deloach; Then Deputy Warden Billups administer additional punishment by placeing me in Hostile Enviorment where the inmate who assaulted me is housed exposeing me to further danger. constantly being harassed + threaten by guards. Attempting to cause my prison committment to increase on the time i'm required to serve which is 3 years, scheduled to be released November 25, 2008.

VI. STATE BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU. MAKE NO LEGAL ARGUMENT. CITE NO CASES OR STATUTES.

Reprimand Draper Correctional Administration Warden Deloach; Deputy Warden Billups; Lt. Gwendolyn Tarrance; Sgt. Sonja Rose; Officer Samuel Johnson; Remove From my File Disciplinary Report, and previous citations. Punitive Damages Transfer to A Level II or Work Release based facility to fit my sentence requirement which is 10 split 3
Compensatory Damages $25,000.00 Each Defendant

Dexter L. Holmes
Signature of plaintiff(s)

For Injuries Incurred from assault and increasing strenous pressure on plaintiff.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on March 7, 2007.
(Date)

Dexter L. Holmes
Signature of plaintiff(s)

Continuation of Supporting Facts 

The Draper Correctional facility is located inside Elmore County. It holds approximately over 1500 inmates. Inmates are housed in 8 different units. They have no placement for protective custody.

Plaintiff entered the facility on September 11, 2006. On September 20, 2006 Plaintiff filed a written request to the Deputy Warden Billups requesting assistance to be enrolled in Crime Bill which was denied.

On September 24, 2006 plaintiff filed a request to Warden Deloach for future assistance reguarding Crime Bill and transfer from Draper Correctional Facility. I received response written on the request I filed advising me to speak with classification specialist Ms. Salaam.

On January 2, 2006 Plaintiff filed a request to Warden Deloach for future assistance reguarding Condition of Confinement informing him of the problems I was beginning to have out of certain guards. This request also ask for the Wardens Assistance concerning progress review and Job Assignment that fit my educational level and Sentence Committment. The Warden responded with a statement that I was properly classified and assigned!

On Febuary 9, 2007 Plaintiff filed a written greivance to Warden Deloach informing him that I was receiving threaten commands from CO's and a Sgt. Logan. Also was experiencing threats from inmates on present Job Assignment that I was classified to be on for 120 days but was over my 120 days assignment to the kitchen. During this time I had no disciplinary reports or citations.

On Febuary 10, 2006 I was assaulted by Ramon Cortez. I was on the recreation yard when I was approached by a clique of Mexicans. I was struck by Ramon Cortez and forced to protect myself. I was injured during this assault which is documented at the Staton Health Care.

On Febuary 10, 2006 Officer Samuel Johnson watched this assault take place, and didnt respond until after the assault was over.

Sgnt. Rose along with other officers responded poorly to this incident. Sgnt. Rose then begin disciplinary procedures before the Rule Violation Report was even written. Sgnt. Rose conducted an administrative move by placeing me in a more hostile enviorment, moveing me out of B-dorm where older offenders are housed for safety reasons. Ramon Cortez and I was never housed in the same dorm before this incident.

On February 20, 2007 at 8:00 p.m. a hearing was conducted by Leiutenant Gwendolyn Tarrance. During the hearing Officer Samuel Johnson was present and also my witness who stated that on the day I was assaulted he observed Sore Mexicans guys walking towards the urinal where I was located. Some words were being said and one Mexican went up to Dexter the plaintiff and took a swing at him. Leiutenant Gwendolyn Tarrance found plaintiff guilty of rule violation and recommended discipline which consisted of 45 days loss of all privelages to include store, visiting and telephone. 45 days extra duty on 2nd Shift refer to Job Board and Classification for a review. Deputy Warden Phyllis Billups whom is the Chairperson to Job Board and Classification review then administered more discipline by stripping me of job assignment and approveing placement in Cell Block F where inmate Ramon Cortez is also housed. Now I am housed around the same inmate who assaulted me which shows deliberate indifference and a reckless Disregard to my safety and places Plaintiff life in danger.

Plaintiff continues to seek releif by filing greivances to Leiutenant Gwendolyn Tarrance; Warden James Deloach; Deputy Warden Billups. Plaintiff made aware of Defendants before Plaintiff was assaulted which cannot be denied.

Plaintiff asserts that Plaintiff VIII Amendment has been violated, and is still being violated.

As plaintiff in this complaint I need not show that official acted or fail to act despite their knowledge of a substantial risk of serious harm whether the officials had the requisite knowledge which they did due to greivances and other factual knowledge of pending Law Suit In federal Court. This is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence; a fact finder may conclude that the officials knew of a substantial risk from the very fact that the risk was obvious; if the plaintiff presents evidence showing that a substantial risk of inmates attacks was longstanding, pervasive, and well documented, or expressly noted by officials in the past, and if the circumstances suggest that the officials had been exposed to information concerning the risk and thus must have known about the risk, then such evidence may be sufficient to permit a trier of facts to find that the officials had actual knowledge of the risk; the obviousness of a risk is not conclusive

and of[illegible] the obvious escaped them but the officials may not escape liability if they merely refuse to verify underlying facts that they strongly suspected to exist as when the officials ar aware of a high pobability of facts indicating that one prisoner has planned an attack on another prisoner but resist opportunity to obtain final confirmation. Prison officials have a duty to protect prisoners from violence at the hands of other prisoners. The VIII Amendment does not require a prisoner seeking a remedy for unsafe conditions to await a tragic event such as an actual assault, before obtaining relief to prevent a substantial risk of serious injury to a prisoner from ripening into actual harm; Plaintiff already has been harmed and now is exposed to additional harm by being housed in same dorm with inmate who assaulted plaintiff

Sincerely Written

[signature]

Continuation of Briefly Stating What The Plaintiff Want The Court to Do

Plaintiff request that all documents are ceased pertaining to Febuary 10, 2007 assault, or fight; from Draper Correctional Facility; All Medical Reports concerning Febuary 10, 2007 incident involveing Dexter Regene Holmes #247684 and Ramon Cortez.

Plaintiff request the Inmate Roster with the names of inmates housed in F-Dorm during the month of Febuary through April 2007.

Plaintiff request documents relating to assaults on inmates or inmate fights inside Draper Correctional Facility from September 11, 2006 through Febuary 10, 2007.

Plaintiff request documents relating to Officer Samuel Johnson involvement with altifications with other inmates and Disciplinary Reports + Incidents Reports written by Samuel Johnson concerning fights or assaults on inmates.

Plaintiff request documents relating to Sgnt. Rose employment at other facilities dealings with other inmates involved with fighting or assaults recommendations Punishments

Plaintiff request documents relating to Lt. Gwendolyn Tarrance relating to incidents concerning findings on Rule Violation #35 Fighting Without Weapon of other inmates Recommendation for Discipline.

Plaintiff request Injunctive Relief; Transferred away from ~~[illegible]~~ to be transferred away from officials and inmates involved in this incident. Plaintiff fears for his life that Defendants will attempt to retaliate against plaintiff concerning this complaint and already has by attempting to get my split sentence revoked, have those documents in possession now as evidence. Plaintiff prays that court will take this complaint serious, and begin a investigation concerning Warden James Deloach Deputy Warden Phyllis Billups and confiscate for records the ongoing violence and drugs related incidents occurring here at Draper Correctional Facility. Plaintiff is in iminent Danger Now!!

Plaintiff also request to add additional complaints in the course of this Civil Action

Sincerely Written
[signature]



Dexter L. Holmes #247684
A-2-36-B
P.O. Box 1107
Draper Correctional Facility
Elmore, Alabama
36025

This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication.

LEGAL USE ONLY

REQUIRES INMATE:
NAME
AIS #
CELL #/BED #

39 USA

UNITED STATES POSTAGE
PITNEY BOWES
$ 00.78⁰
02 1A
0004356475
MAR 08 2007
MAILED FROM ZIPCODE 36025

Clerk, United States District Court
For The Middle District of Alabama
15 Lee Street
Montgomery, Alabama
36104