IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEXTER REGENE HOLMES, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | )    <u>2:07-cv-219-WKW</u> |
| JAMES DELOACH, et al | ) |
| | ) |
|     Defendants. | ) |

## SPECIAL REPORT

**COMES NOW**, the defendants, **James Deloach, Phyllis Billups, Gwendolyn Tarrance, Sonja Rose, and Samuel Johnson**, by and through the Honorable Troy King, Attorney General for the State of Alabama, by assistant attorney general *Bettie J. Carmack*, and hereby file this their special report in the above-styled case and states as follows:

## PARTIES

A.    **James Deloach** – Department of Corrections Warden, whose work location is the Draper Correctional Facility, located at P. O. Box 1107 Elmore, AL  36025.

B.    **Phyllis Billups** – Department of Corrections Deputy Warden, whose work location is the Draper Correctional Facility, located at P. O. Box 1107 Elmore, AL  36025.

C.    **Gwendolyn Tarrance** – Department of Corrections Lieutenant, whose work location is the Draper Correctional Facility, located at P. O. Box 1107 Elmore, AL  36025.

D.    **Sonja Rose** – Department of Corrections Sergeant, whose work location is the Draper Correctional Facility, located at P. O. Box 1107 Elmore, AL  36025.

E.    **Samuel Johnson** – Department of Corrections Officer, whose work location is the Draper Correctional Facility, located at

P. O. Box 1107 Elmore, AL 36025.

G.    **Dexter Regene Holmes** – a Department of Corrections Inmate, whose prison location is the Draper Correctional Facility, located at P. O. Box 1107 Elmore, AL 36025.

## DEFENDANT'S EXHIBITS

The Defendants submit the following exhibits:

1.    **Exhibit A** – Affidavit of Phyllis Billups, including the following attachments: (1) Living Agreement, (2) Incident Report, (3) Inmate Cortez's body chart, (4) Inmate Holmes's body chart, and Inmate Holmes's disciplinary report.

2.    **Exhibit B** – Affidavit of Sonja Rose

3.    **Exhibit C** – Affidavit of James DeLoach, including the following attachments: (1) Inmate Holmes's disciplinary report and (2) Living agreement.

4.    **Exhibit D** – Affidavit of Samuel Johnson

5.    **Exhibit E** – Affidavit of Gwendolyn Tarrance

## PLAINTIFF'S ALLEGATIONS

Inmate Dexter Holmes (hereinafter "Inmate Holmes") contends that he was attacked by a fellow inmate, Ramon Cortez, on February 10, 2006. (Holmes's complaint, pg. 2) Inmate Holmes contends that Sergeant Rose, Officer Samuel Johnson and other officers failed to stop the attack. (Holmes's complaint, pgs. 3, 5) Inmate Homes further contends that, after the fight, he was wrongfully punished. According to Holmes, his punishment included the following:

- 45 days loss of privileges,
- 45 days extra duty,
- being placed in a cell block with Inmate Cortez,
- being harassed by the guards, and
- stripping him of his job assignment.

(Inmate Holmes's complaint, pgs. 3-6)

## ARGUMENTS

I.    Alleged failure to protect claim

In his complaint, Inmate Holmes has attempted to raise a "failure to protect"

claim against the defendants.  Inmate Holmes's claim is without merit.  "In a failure to

protect claim, a prisoner must first show that the harm he suffered was **objectively**

**serious** and second that **prison officials acted with deliberate indifference**."  Oliver v.

Matthews, No. 2:02-CV-1373-F, 2005 WL 1270949, at *3 (M.D. Ala. 2005).  In this

case, Inmate Holmes has failed to produce evidence that he was seriously injured or that

prison officials acted with deliberate indifference.

On February 10, 2007, Inmate Holmes and Inmate Cortez were involved in a

physical altercation. (Exhibit A, pg. 4)   After the fight, Inmate Holmes was escorted to

Staton Health Care Unit. (Exhibit A, pg. 4)

A.    *Objectively serious injuries*

The first element of a "failure to protect" claim is evidence of

objectively serious injuries.  *See* Oliver v. Matthews, No. 2:02-CV-1373-F, 2005 WL

1270949, at *3 (M.D. Ala. 2005).  In this case, Inmate Holmes has not alleged any

injuries from the fight and his body chart does not evidence injuries from the fight.  As a

result, Inmate Holmes's "failure to protect claim is due to be dismissed.  Even if,

arguendo, Inmate Holmes amended his complaint to allege objectively serious injuries

obtained during the fight, his claim still would lack merit because he has not shown that

prison officials acted with deliberate indifference.

B.      *Deliberate indifference*

Inmate Holmes seems to indicate that the prison officials failed to stop the fight as a form of retaliation against him.  According to Inmate Holmes, his request to participate in the Crime Bill SAP program was denied, his reclassification request was denied, his progress review request was denied, and his job assignment request was denied.  Inmate Holmes seems to think that the denial of his requests and the prison officials' alleged failure to stop Cortez from "attacking" him are somehow related.

Inmate Holmes and Inmate Cortez were involved in a mutual physical altercation. When escorted to the medical facility, Inmate Holmes stated: "Involved in a fight." (Exhibit A, pg. 7)  Inmate Holmes never stated that he was attacked by Inmate Cortez. Inmate Holmes also admitted at his disciplinary hearing that he was involved in a fight with Inmate Cortez. (Exhibit A, pg. 9)

Even if, arguendo, Inmate Holmes was attacked by Inmate Cortez as he has alleged, prison officials would not be liable for the attack unless they were aware of a substantial risk of serious harm to Inmate Holmes and not take reasonable measures to alleviate that risk.  *See* Farmer v. Brennan, 511 U.S. 825, 847 (1994)("we . . . hold that a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."); Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990).  The prison official must know there is a strong likelihood of attack rather than a mere possibility.  Edwards v. Gilbert, 867 F.2d 1271, 1276 (11th Cir. 1989).

In this case, prison officials had no way of knowing that Inmate Holmes and Inmate Cortez would be involved in a physical altercation.

Furthermore, Inmate Holmes's claim that no one attempted to stop the fight is without merit. Officer Johnson has testified by affidavit that he: "immediately radioed to Officer Randall Hawn and all available units to report to the back of F-Dorm. Sgt. Sonja Rose and Sgt. Marvin Thomas and available officers responded to Draper's recreation yard." (Exhibit D)

Because Inmate Holmes has failed to show that he was seriously injured on the day of the attack or that prison officials were deliberately indifferent to his safety, Inmate Holmes's "failure to protect" claim is due to be dismissed.

II.    <u>Allegedly placed in a cell block with his enemy</u>

Inmate Holmes contends that his eighth amendment rights have been violated by placing him in a cell block with his enemy. Inmate Holmes's claim is without merit. Inmate Holmes is not currently in the same dormitory with Inmate Cortez. (Exhibit B, pg. 2) After the fight, Inmate Cortez was reassigned to F-Dorm and Inmate Holmes was reassigned to A-Dorm. (Exhibit B, pg. 2) Even if, however, Inmate Holmes and Inmate Cortez were in the same dormitory, it would be with the consent of Inmate Holmes. On February 10, 2007, Inmate Holmes, Garcia, and Cortez all agreed that they could live together without "incident." (Exhibit A, pg. 3)

III.    <u>W*rongfully punished after the fight*</u>

Inmate Holmes has made claims that he was punished inappropriately because he was not the aggressor in the fight. Inmate Holmes admitted during the disciplinary hearing that he was fighting with Inmate Cortez. (Exhibit B) "Based on the sworn

testimony of the Defendant, Witness, and the Arresting Officer under oath, the Hearing

Officer [found] inmate Holmes guilty [of fighting without a weapon]." (Exhibit B, pg. 5)

Because Inmate Holmes was found guilty of fighting without a weapon, prison officials

could properly discipline him.

IV.    Vague and Conclusory Claims

    Inmate Holmes has made vague and conclusory claims that officers are harassing

him and that officers are transporting marijuana to inmates and extorting the inmates.

Inmate Holmes does not state any specific instances of officer harassment or any detailed

information regarding what officers are allegedly transporting marijuana to inmates and

what inmates are receiving the marijuana and allegedly be extorted.

    Inmate Holmes's claims are vague and conclusory and various courts have held

that "[v]ague and conclusory allegations of civil rights violations . . . are not sufficient

and must, for that reason, be dismissed."  Forehand v. Roberts, et al, 1992 WL 554241, at

*1 (M.D. Ala. 1992) *citing* Fullman v. Graddick, 739 F. 2d 553, 557 (11th Cir. 1984);

Sanders v. Miller, 837 F. Supp 1106, 1109 (N.D. Ala. 1992) *citing id.*.

V.    All claims against the defendants are barred by absolute and qualified immunity

    The Plaintiff's claims should be dismissed against all of the defendants because the

defendants are immune from liability.  As the United States Supreme Court has stated:

> There can be no doubt … that suit against the State and its Board of
> Corrections is barred by the Eleventh Amendment, unless Alabama has
> consented to the filing of such a suit.  Edelman v. Jordan, 415 U.S. 651
> (1974); Ford Motor Co. v. Department of Treasury, 323 U.S. 459 (1945);
> Worcester County Trust Co. v. Riley, 302 U.S. 292 (1937).  Respondents
> do not contend that Alabama has consented to this suit, and it appears that
> no consent could be given under Art. I, § 14, of the Alabama Constitution,
> which provides that no consent could be given under Art. I, § 14, of the
> Alabama Constitution, which provides that 'the State of Alabama shall
> never be made a defendant in any court of law or equity.'

Alabama v. Pugh, 438 U.S. 781, 782 (1978).

The Defendants are state employees, and a suit against them is a suit against the State.  In addition, there has been no consent or waiver of immunity in this case.  Thus, the Defendants are absolutely immune from liability.

Qualified immunity "protects government officials from civil trials and liability when their conduct in performing discretionary functions 'violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" Wilson v. Blankenship, 163 F.3d 1284, 1288 (11th Cir. 1998).  Because the alleged acts of the Defendants consist of discretionary functions, and because the actions do not violate any clearly established constitutional or statutory rights, the Defendants are protected by qualified immunity.  Wilson v. Blankenship, 163 F. 3d at 1284 (holding that the marshal, wardens, and corrections officer were protected by qualified immunity); *see also* Pinkney v. Davis, 952 F. Supp. 1561 (M.D. Ala. 1997) (holding that wardens, deputy warden, and other prison officials were entitled to qualified immunity).

**CONCLUSION**

Based on the foregoing, the Defendants request that this Court dismiss the Plaintiff's complaint.

Respectfully submitted,

TROY KING
ATTORNEY GENERAL


/s/ Bettie J. Carmack
Bettie J. Carmack (CAR-132)
*Assistant Attorney General*
*Civil Litigation Division*
11 South Union Street
Montgomery, Alabama 36130
Telephone: (334) 353-5305
Facsimile: (334) 242-2433

## CERTIFICATE OF SERVICE

I hereby certify that I have this **15th** day of **May, 2007** served a copy of the foregoing on the plaintiff by placing a copy of the same in the United States mail, postage prepaid and addressed as follows:

**Inmate Dexter Regene Holmes**
**AIS #247684**
**Draper Correctional Facility**
**P. O. Box 1107**
**Elmore, AL  36025**


/s/ Bettie J. Carmack
Bettie J. Carmack (CAR-132)
*Assistant Attorney General*
*Civil Litigation Division*

EXHIBIT

A

## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF ALABAMA

**Dexter Regene Holmes**
**PLAINTIFF**

**CASE NUMBER: CV 06-3005**

**VS**

**Warden James Deloach,**
**Deputy Warden Phyllis Billups,**
**Lieutenant Gwendolyn Tarrrance**
**Sergeant Sonja Rose**
**Officer Samuel Johnson**

**DEFENDANTS**

### A F F I D A V I T

Before me, the undersigned authority, a Notary Public in and for said county and State of Alabama at large, personally appeared Phyllis Billups who being know to me and being by me first duly sworn, deposes and says on oath as follows:

My name is Phyllis Billups, and I am presently employed as Warden II with the Alabama Department of Corrections, Draper Correctional Center, Elmore, Alabama. I am over nineteen (19) years of age.

The plaintiff in this action, Inmate Dexter Holmes claim that he has sent request forms and grievances to me, Warden II Phyllis Billups informing me that his life has been threatened by Officers and Inmates. This is untrue. I have not received any grievances or request forms from Inmate Holmes stating that his life is in danger from anyone.

Inmate Holmes claims that he has informed Officials about corrupt Officers transporting marijuana to inmates. Inmate Holmes has never given the names of any Corrupt Officers to me. Inmate Holmes stopped me on the main hallway one day after he received a disciplinary for Fighting without a weapon with another inmate. Inmate Holmes informed me that he would like to make a deal with me if I would disapprove a disciplinary he had received for Fighting without a Weapon. I informed Inmate Holmes that I did not make deals.

1

Inmate Holmes claims that he has been placed in a hostile environment because he is housed in the same dormitory with Inmate Ramon Cortez who he was fighting with on February 10, 2007. This is untrue. Inmate Holmes is not housed in the same dormitory as Inmate Cortez. Even if Inmate Holmes and Cortez were housed in the same dormitory, it would be a result of Inmates Holmes, Cortez and Tomas Garcia signing an I/We Living Agreement on the same night as the incident stating that the problem had been resolved and they (Cortez, Garcia and Holmes) could live at the institution without any further incidents. Inmate Garcia is no longer housed at Draper. (See attached agreement)  Inmate Holmes has not voiced any problems to me regarding himself and Inmates Cortez and Garcia.

Inmate Holmes alleges that he was assaulted by Inmate Cortez. This is untrue. Inmate Holmes was involved in a fight. At the actual Disciplinary Hearing during testimony, Inmate Holmes admitted that he and Inmate Cortez were fighting on the yard. The correct charge was made against Inmate Holmes for Fighting without a Weapon. (See attached Disciplinary)

I have not violated Plaintiff Dexter Holmes' Constitutional Rights in any manner. I would ask that this action be dismissed.

Warden II Phyllis Billups
Draper Correctional Center

State of Alabama
Elmore County

Sworn to and subscribed before me and under my hand and official seal this the 25th day of April 2007.

Notary Public
My comm. expires ___6-1-07___

2



DON SIEGELMAN
GOVERNOR

### STATE OF ALABAMA
## DEPARTMENT OF CORRECTIONS

MICHAEL W. HALEY
COMMISSIONER

DRAPER CORRECTIONAL CENTER
P.O. BOX 1107
ELMORE, ALABAMA 36025

### I/WE LIVING AGREEMENT

We acknowledge that our problem has been resolved and that we can live at this Institution without further incident and/or disagreement between us. This statement is made of our own free will without threats or promises from anyone. I/We also agree that a copy of this agreement will be placed in my/our Institutional file(s) and any violation of this agreement will result in disciplinary action for all parties concerned.

This agreement is to be made a part of the inmate's Institutional file and any violation of this said agreement will be brought to the immediate attention of the Warden and/or Duputy Warden.

| NAME | AIS # | INMATE'S SIGNATURE | DATE |
|------|-------|--------------------|------|
| Tomas Garcia | W/237436 | Tomas Garcia | 2/10/07 |
| Ramon Cortez | W/227510 | Ramon Cortez | 2/10/07 |
| Dexter Holmes | B/247684 | Dexter L. Holmes | 2/10/07 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| WITNESS | DATE | TIME |
|---------|------|------|
| Sgt. Sonja Rose | 2/10/07 | 4:30pm |

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS
## INCIDENT REPORT

| 1. Institution: Draper Correctional Center | 2. Date: 2/10/2007 | 3. Time: 4:20 PM | 4. Incident Number: DCC 07-0254 | Class Code: C |
|---|---|---|---|---|

| 5. Locaton Where Incident Occurred Draper's Recreation Yard | 6. Type of Incident: #35 - Fighting without a Weapon |
|---|---|

| 7. Time Incident Reported: 4:21 PM | 8. Who Received Report: *Sgt. Sonja Rose* Sgt. Sonja Rose |
|---|---|

9. Victims:

| | Name | | AIS # |
|---|---|---|---|
| a. | N/A | No. | |
| b. | | No. | |
| c. | | No. | |

| 10. Suspects: | Name | | AIS # | 10. Witnesses: | Name | | AIS # |
|---|---|---|---|---|---|---|---|
| a. | Ramon Cortez | No. | W / 227510 | a. | N/A | No. | |
| b. | Dexter Holmes | No. | B / 247684 | b. | | No. | |
| c. | | No. | | c. | | No. | |
| d. | | No. | | d. | | No. | |
| e. | | No. | | e. | | No. | |
| f. | | No. | | f. | | No. | |
| g. | | No. | | g. | | No. | |

**PHYSICAL EVIDENCE:**

12. EvidenceType:
N/A

13. Description of Evidence:
N/A

14. Chain of Evidence:
a. N/A
b.
c.
d.

15. Narrative Summary:   On February 10, 2007, Officer Samuel Johnson was assigned to Tower #2. At approximately 4:20 PM, Officer Johnson observed two unknown inmates later, identified as inmate Dexter Holmes B/247684 and inmate Ramon Cortez W/227510 engaged in a physical altercation on Draper's recreation yard behind F - Dorm. Officer Johnson immediately radioed to Officer Randall Hawn and all available units to report to the back of F- Dorm. Sergeant Sonja Rose and Sergeant Marvin Thomas and available Officers responded to Draper's recreation yard. Officer Johnson identified inmate Cortez and Holmes via radio to Sergeant Rose.  Sergeant Thomas and Officer Hawn searched both inmates Cortez and Holmes.  Inmates Cortez and Holmes were handcuffed and escorted to the Shift Office by Sergeant Thomas and Sergeant Rose. Upon further investigation, it was determined that inmate Holmes owed inmate Cortez (10) ten items and only paid inmate Cortez (1) one pack of cigarettes. Inmates Cortez and Holmes were engaged in a verbal altercation which escalated into a physical altercation (fight). Sergeant Rose verbally reprimanded both inmates on their negative behavior. Inmates Holmes and Cortez signed a Living Agreement (see attached). At approximately 4:42 PM, Officer Jeffery Fenderson escorted inmates Cortez and Holmes to Staton Health Care Unit.  Inmates Holmes and Cortez were examined by Nurse Tara Parker (see attached body chart). Inmates Holmes and Cortez were released back into Draper's Population pending disciplinary action for rule #35 - Fighting without a weapon. No further action taken at this

Distribution: ORIGINAL AND ONE (1) COPY to Central I & I Division    COPY to Deputy Commissioner fo Operations (Class A and B ONLY)
COPY to Institutional File    COPY to Central Records Office
ADOC Form 302-A - June 1, 2005

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS
# INCIDENT REPORT/DUTY OFFICER REPORT
## CONTINUATION

| Institution:<br>Draper Correctional Center | Incident Number:<br>DCC 07-0254 | Class Code:<br>C |
|---|---|---|
| Date:<br>2/10/2007 | Type of Incident: Ruel #35 – Fighting without a weapon | |

15. Narrative Summary (Continued)  Page No.: 2 of 2

time.

Officer Samuel Johnson

Distribution: ORIGINAL AND ONE (1) COPY to Central I & I Division     COPY to Deputy Commissioner to Operations (Class A and B ONLY)
         COPY to Institutional File         COPY to Central Records Office

ADOC Form 302-B - June 1, 2005



**EMERGENCY**

PRISON HEALTH SERVICES INCORPORATED

| ADMISSION DATE 2/10/07 | TIME 4:45 AM/PM | ORIGINATING FACILITY _Draper_ ☐ SIR ☐ PDL ☐ ESCAPEE ☐ | ☐ SICK CALL ☐ EMERGENCY ☐ OUTPATIENT |
|---|---|---|---|

ALLERGIES: NKDA

CONDITION ON ADMISSION: ☐ GOOD ☐ FAIR ☐ POOR ☐ SHOCK ☐ HEMORRHAGE ☐ COMA

VITAL SIGNS: TEMP 97° (ORAL / RECTAL 97°) RESP 18 PULSE 101 B/P 98/58 RECHECK IF SYSTOLIC <100> 50 ___

NATURE OF INJURY OR ILLNESS

S) DOC Body Chart
"Involved in fight"

O) Ambulatory to the
Alert + Oriented
Denies injury
Slight abrasion noted
Lt. Face 1/2 cm long
No bleeding
Slight swelling Lt Face

PHYSICAL EXAMINATION

A) Alt. Skin
DOC Body Chart

P) DOC Body Chart
Return to DOC
in satisfactory condition
Apply ice to swelling
Lt face

| | ABRASION /// | CONTUSION # | BURN xx/xx | FRACTURE Z/Z | LACERATION / SUTURES |
|---|---|---|---|---|---|

Wt. 157

PROFILE RIGHT OR LEFT

RIGHT OR LEFT

| ORDERS / MEDICATIONS / IV FLUIDS | TIME | BY |
|---|---|---|

DIAGNOSIS

INSTRUCTIONS TO PATIENT: Fill out sick call as needed.

| DISCHARGE DATE 2/10/07 | TIME 4:45 AM/PM | RELEASE / TRANSFERRED TO ☒ DOC ☐ AMBULANCE | CONDITION ON DISCHARGE ☒ SATISFACTORY ☐ POOR ☐ FAIR ☐ CRITICAL |
|---|---|---|---|

| NURSE'S SIGNATURE | DATE 2/10/07 | PHYSICIAN'S SIGNATURE | DATE | CONSULTATION |
|---|---|---|---|---|

| INMATE NAME (LAST, FIRST, MIDDLE) Cortez, Ramon | DOC# 227510 | DOB | R/S | FAC. DOC |
|---|---|---|---|---|



**PHS**
PRISON
HEALTH
SERVICES
INCORPORATED



# EMERGENCY

| ADMISSION DATE 2/10/07 | TIME 4:53 ☒AM ☐PM | ORIGINATING FACILITY Draper ☐SIR ☐PDL ☐ESCAPEE ☐_____ | ☐ SICK CALL ☐ EMERGENCY ☐ OUTPATIENT |
|---|---|---|---|

| ALLERGIES NKA | CONDITION ON ADMISSION ☒GOOD ☐ FAIR ☐ POOR ☐ SHOCK ☐ HEMORRHAGE ☐ COMA |
|---|---|

VITAL SIGNS: TEMP 98⁷ (ORAL) 96⁴ (RECTAL) RESP. 20 PULSE 90 B/P 122/70 RECHECK IF SYSTOLIC <100> 50 /

**NATURE OF INJURY OR ILLNESS**

S) DOC Body chart
Involved in fight —

O) Ambulatory to clinic
Alert & oriented
Skin tear post. Rt.
Ring finger at base
of nail. ø scant
bleeding noted. Nail
intact.)

**PHYSICAL EXAMINATION**

A) Alt Skin
DOC Body Chart

P) Cleansed c̄ H₂O₂
TAO ōint.
Bandaide dressing.
Fill out sick call if
Redness, swelling or pus discharge noted.

|  | ABRASION /// | CONTUSION # | BURN xx xx | FRACTURE Z Z | LACERATION / SUTURES |
|---|---|---|---|---|---|

Wt. 181

PROFILE RIGHT OR LEFT

RIGHT OR LEFT

| ORDERS / MEDICATIONS / IV FLUIDS | TIME | BY |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

| DIAGNOSIS |
|---|

| INSTRUCTIONS TO PATIENT |
|---|

| DISCHARGE DATE 2/10/07 | TIME 5:00 ☒AM ☐PM | RELEASE / TRANSFERRED TO ☒DOC ☐AMBULANCE ☐ | CONDITION ON DISCHARGE ☒SATISFACTORY ☐ POOR ☐FAIR ☐ CRITICAL |
|---|---|---|---|
| NURSE'S SIGNATURE CB Derek | DATE 2/10/07 | PHYSICIAN'S SIGNATURE | DATE | CONSULTATION |

| INMATE NAME (LAST, FIRST, MIDDLE) Holmes, Dexter |  | DOC# 248084 | DOB | R/S | FAC. Dra |
|---|---|---|---|---|---|

DCC07-0254-2

**ALDOC Form 225B**

## ALABAMA DEPARTMENT OF CORRECTIONS
## DISCIPLINARY REPORT

1. Inmate: _Dexter Holmes_     Custody: _MEDIUM_     AIS: _B/247684_

2. Facility: _Draper Correctional Center_

3. The above inmate is being charged by _Officer Samuel Johnson_ with violation of rule number _#35_ specifically

   _Fighting without a weapon_ from regulation # _403_ which occurred on or about

   _February 10_ , 20 _07_ at (time) _4:20 PM_ (am / pm), Location: _Draper's Recreation Yard_

   A hearing on this charge will be held after 24 hours from service.

4. Circumstances of the violation(s) are as follows:

   On February 10, 2007, at approximately 4:20 PM, Officer Samuel Johnson observed you, inmate Dexter Holmes B/247684 i
   a physical altercation with inmate Ramon Cortez W/227510 on Draper's recreation yard behind F- Dorm.

   _____          _____
   Date                            Arresting Officer /Signature / Rank

5. I hereby certify that I have personally served a copy of the foregoing upon the above named inmate and I informe
   inmate of his/her right to present a written or oral statement at the hearing and to present written questions for the
   witnesses on this the _14_ day of _February_ , 20 _07_, at (time) _9:13_ (am / pm).

   _Michael G. Mathews, CO_          _Refuse to Sign Michael G. Math_
   Serving Officer / Signature / Rank          Inmate's Signature / AIS Number

6. Witness desired?   NO_____          YES _Dexter Holmes_ #247680
                                                 Inmate's Signature
                   Inmate's Signature

7. If yes, list: _NONE_   _Michael Moore   155349_

8. Hearing Date _February 19, 07_   Time _8:00 P.M_   Place _Draper's Shift Off_

9. Inmate must be present at Hearing Room. If he/she is not present explain in detail on additional page and attach.

10. A finding is made that inmate (is / is not) capable of representing himself.

    _____
    Signature / Hearing Officer

11. Plea: _____   (Not Guilty)          Guilty

12. The Arresting Officer, Inmate and all witnesses were sworn to tell the truth.

    _____
    Signature / Hearing Officer

FEB 2007 RECEIVED

Annex C to AR 403 (Page 1 of

DCC07-0254-2

13.  Arresting Officer's Testimony (at the hearing):

On February 10, 2007, at approximately 4:20 PM, I, Officer Samuel Johnson observed you, inmate Dexter Holmes B/247684 in a physical altercation with inmate Ramon Cortez W/227510 on Draper's recreation yard behind F- Dorm.
QFHO: 1. Did you observe inmate Holmes fighting inmate Cortez? ANS. Yes
2. Are you positive it was inmate Holmes fighting?  ANS. Yes. I saw them fighting but I didn't know their names.
3. Where were you? ANS. Tower #2.
4. Did you observe more than 2 inmates fighting?  ANS. No.

14.  Inmate's Testimony:

See attached.
QFHO:
1. Did you and inmate Cortez engage in a fight on the yard.    ANS. Yes we did.
2. Was there more than one fight on the yard that day?      ANS. I don't know.

Witness:  Michael Moore B/155349 _____    Substance of Testimony:

On that day, I was coming past the Basketball court. I noticed about 5 or 6 Mexican guys walking toward the urinals where inmate Holmes was. Some words were being said and one Mexican went up to Dexter and took a swing at him.

QFHO:  1. Did you observe a fight between inmate Holmes and inmate Cortez?  ANS. Yes.

Witness:  N/A _____    Substance of Testimony:

Witness:  N/A _____    Substance of Testimony:

15.  The inmate was allowed to submit written question to all witnesses.  Copy of questions and answers are attached

_____ Signature / Hearing Officer

16.  The following witnesses were not called  -  Reason not called
    1.  N/A _____        N/A _____
    2.  _____        _____
    3.  _____        _____

DCC07-0254-2

17. After hearing all the testimony, the hearing Officer makes the following findings of fact:  (Be Specific)

The Hearing Officer finds that:
Based on the sworn testimony of the Defendant under oath who stated he was involved in a fight with inmate Ramon Cortez W/227510, the testimony of the witness who stated that he observed inmate Holmes and Cortez fighting, and the Arresting Officer who stated that he observed inmates Holmes and Cortez fighting. Therefore the Hearing Officer finds that on 2/20/07 Officer S. Johnson observed inmates Dexter Holmes B/247684 and Ramon Cortez fighting on the Recreational Yard.

18. Basis for Finding of Fact:

Based on the sworn testimony of the Defendant, Witness and the Arresting Officer under oath, the Hearing Offficer finds inmate Holmes guilty as charged.

19. Hearing Officer's Decision:      __XXX__  Guilty      _____  Not Guilty

20. Recommendation of Hearing Officer:

45 Days loss of all privileges to include Store, Visiting, and Telephone. 45 Days extra duty on the Second Shift. Refer to Job Board and Classification for a review.  (GTA=None)

Signature / Hearing Officer
Lieutenant Gwendolyn Tarrance
Typed Name and Title

21. Warden's Action - Date
Approved
Disapproved
Other (Specify)

22. Reason if more than 30 calendar days delay in action.

23. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above named inmate on this the _22_ day of _February_, 20_07_, at (time) _5:50_ (am/pm)

Signature / Serving Officer / Title

Inmate's Signature and AIS Number  247684

Annex C to AR 403 (Page 3 o

JCC07-0254-2

Appeal

On Febuary 14, 2007 I was served with a disciplinary report by Michael J. Matthews allegedly claiming violation of rule #35 from regulation #403 Fighting without a weapon. The Disciplinary Report claims that Samuel E. Johnson observed me fighting with a Mexican named Lamon Cortez on Draper's Recreation Yard.

This Disciplinary Report is untrue. As the facts will show that I was picked out of a line up of several inmates lined up on the fence Sgt. [struck out] with several other officers conduct the line up, and I was singled out along with Lamon Cortez.

Officer Samuel Johnson does not know who was fighting on the recreation yard. Sgt. [struck out] conducted an investigation once Lamon Cortez, Garcia and myself were escorted to the Shift Office.

During this investigation I explained to Sgt. [struck out] I was approached and surroun by Lamon Cortez, Garcia and other Mexican This incident has been covered up as to the true facts involved.

Sgt. [struck out] knows that Garcia is the sole cause of this incident resulting the investigation which yielded gambli

as causeing this incident. Garcia claimed that I owed him a bag of coffee along with the cigarettes I paid him. Since I didn't pay him the coffee Garcia, Ramon Cortez along with other Mexicans attemp to jump on me on the yard. I was forced to protect myself from Ramon Cortez, Garc and other Mexicans.

To set the record straight these Mexican Garcia, Ramon Cortez and others is conductin a gambling pool as well as distributing dru that I just so happen got caught up in. These Mexicans was attempting to do me bodily harm. Ramon Cortez hit me first, an I acted in Self Defense.

Sgt. Rose sided with Garcia by ordering me to pay a gambling debt to Garcia all in violation of rules & regulation.

This is clearly double jeopardy because disciplinary actions were taken on February 10, 2007. Ramon Cortez was moved from the faith dorm to F Dorm. I was moved from B dorm to A dorm. Both Ramon Cortez and I was advised to sign a peace agreement Garcia did not receive any form of disciplin action. This is not right. Punishment has already been administered and therefore The Disciplinary Report should be dismissed.

Sincerely
written

Note: Number 110 says Inmates are not allowed to trade, barter, sell or exchange personal property. Sgt. Rose violated rules and regulations by ordering me to pay a gambling debt. By not having all parties written up for these actions.

witnesses

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

EXHIBIT
_B_

| | | |
|---|---|---|
| DEXTER REGENE HOLMES, #247684 | ) ) | |
| Plaintiff, | ) | |
| Vs. | ) | 2:07-CV-219-WKW |
| JAMES DELOACH, et al., | ) | |
| Defendants. | ) | |

AFFIDAVIT

Before me, a Notary Public in and for said County and State of Alabama at large,

personally appeared Sergeant Sonja Rose, who being known to me and by me first

duly sworn, deposes, and says on oath as follows:

My name is Sonja Rose. I am currently employed as a Correctional Sergeant with the

Alabama Department of Corrections assigned to Draper Correctional Center, Elmore,

Alabama 36025. I am over twenty-one years of age and have personal knowledge of the

facts set forth below.

I responded to a radio call which advised that there was a fight on the yard. Officer

Samuel Johnson, who witnessed the fight, identified the inmates fighting to be Dexter

Holmes, B/247684 and Ramon Cortez, W/227510. Officer Johnson was assigned to

Tower #2. He further advised that it was only two (2) inmates fighting. I

questioned both inmates, Holmes and Cortez, after they were escorted to the shift office.

Inmate Holmes lied and denied having been fighting on the yard. But, later inmate

Holmes admitted to borrowing some coffee and cigarettes from another inmate (Tomas

Garcia, W/237436).  Earlier during chow, inmate Garcia asked inmate Holmes about the items inmate Holmes borrowed from him (Garcia).  Inmate Holmes also admitted to fighting with inmate Cortez.  Inmate Cortez stated that he did fight with inmate Holmes after he (Holmes) started using profanity and calling him (Cortez) names.  No other inmates were identified by Officer Johnson to be involved in the fight except inmates Holmes and Cortez.  I questioned inmates Holmes, Cortez and Garcia concerning remaining in general population.  Inmates Holmes, Cortez and Garcia agreed to continue to live in population together without further incident.  Inmates Holmes, Cortez and Garcia signed a living agreement.  I instructed Officer Jeffery Fenderson to escort inmates Holmes and Cortez to Staton Health Care Unit for a body chart.  Inmate Cortez was reassigned from 7 dorm (H-Dorm) and reassign to 6 Dorm (F-Dorm).  Inmate Holmes was reassigned from 3-Dorm (B-Dorm) to 2 Dorm (A Dorm).  Both inmates received disciplinary action for rule violation #35, Fighting without a weapon.  No further action was taken.

_____

Sonja Rose, COII

SWORN TO AND SUBSCRIBED before me this _2n d_ day of May 2007.

_____

Notary Public

My Commission Expire _8-1-07_

EXHIBIT

C

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DEXTER REGENE HOLMES, #247684 | ) ) | |
| Plaintiff, | ) | |
| v. | ) | 2:07-CV-219-WKW |
| JAMES DELOACH, et al., | ) | |
| Defendants. | ) | |

### AFFIDAVIT

Before me, a Notary Public in and for said County and State of Alabama at large, personally appeared Warden James DeLoach, who being known to me and by me first duly sworn, deposes, and says on oath as follows:

My name is James H. DeLoach. I am currently employed as a Warden III with the Alabama Department of Corrections assigned to Draper Correctional Center, Elmore, Alabama 36025. I am over twenty-one years of age and have personal knowledge of the facts set forth below.

The plaintiff prior to the receipt of this action has never communicated to me any concerns for his safety. His claim that he is assigned to a cellblock with an inmate who have previously assaulted him is untrue.

On February 10, 2007 the plaintiff was involved in a fight with another inmate the plaintiff was charged with violation of rule #35, Fighting without a weapon. The plaintiff was tried and found guilty of the charge on February 19, 2007 (see Attachment #1 disciplinary DCC07-0254-2).

On February 10, 2007 the plaintiff signed a living agreement with inmate Ramon Cortez, 227510 stating that they could live together in general population (see Attachment #2).

The plaintiff was not assaulted but was involved in a fight because he failed to repay a debt for inmate canteen items owed to inmate Cortez. The plaintiff, inmate Dexter Holmes is appropriately classified and housed according to Alabama Department of Corrections' policies, procedures and regulations. His claim that his constitutional rights have been violated is without merit. I would ask that this action be dismissed.

James H. DeLoach, Warden III

SWORN TO AND SUBSCRIBED before me this _____ day of April 2007.

Notary Public

My Commission Expire _8-1-07_

DCC07-0254-2

**ALDOC Form 225B**

## ALABAMA DEPARTMENT OF CORRECTIONS
## DISCIPLINARY REPORT

1. Inmate: __Dexter Holmes__     Custody: __MEDIUM__     AIS: __B/247684__

2. Facility: __Draper Correctional Center__

3. The above inmate is being charged by __Officer Samuel Johnson__ with violation of rule number __#35__ specifically

   __Fighting without a weapon__ from regulation # __403__ which occurred on or about

   __February 10__ , 20 __07__ at (time) __4:20 PM__ (am / pm), Location: __Draper's Recreation Yard__

   A hearing on this charge will be held after 24 hours from service.

4. Circumstances of the violation(s) are as follows:

   On February 10, 2007, at approximately 4:20 PM, Officer Samuel Johnson observed you, inmate Dexter Holmes B/247684 i
   a physical altercation with inmate Ramon Cortez W/227510 on Draper's recreation yard behind F- Dorm.

   ___14 Feb 07___                              ___Samuel E Johnson CO2___
   Date                                          Arresting Officer /Signature / Rank

5. I hereby certify that I have personally served a copy of the foregoing upon the above named inmate and I informed
   inmate of his/her right to present a written or oral statement at the hearing and to present written questions for the
   witnesses on this the __14__ day of __February__, 20 __07__, at (time) __9:13__ (am / pm).

   __Michael G. Mathews, CO__                   __Refuse to Sign  Michael G. Math__
   Serving Officer / Signature / Rank            Inmate's Signature / AIS Number

6. Witness desired?    NO_____    YES __Dexter Holmes #247684__
                         Inmate's Signature                          Inmate's Signature

7. If yes, list: __NONE   Michael Moore  155349__

8. Hearing Date __February 19, 07__    Time __8:00 P.M__    Place __Draper's Shift Off__

9. Inmate must be present at Hearing Room. If he/she is not present explain in detail on additional page and attach.

10. A finding is made that inmate (is / is not) capable of representing himself.

    _____
    Signature / Hearing Officer

11. Plea: _____    (Not Guilty)    _____ Guilty

12. The Arresting Officer, Inmate and all witnesses were sworn to tell the truth.

    _____
    Signature / Hearing Officer

FEB 2007
RECEIVED

Annex C to AR 403 (Page 1 of

JCC07-0254-2

13. Arresting Officer's Testimony (at the hearing):

On February 10, 2007, at approximately 4:20 PM, I, Officer Samuel Johnson observed you, inmate Dexter Holmes B/247684 in a physical altercation with inmate Ramon Cortez W/227510 on Draper's recreation yard behind F- Dorm.
QFHO: 1. Did you observe inmate Holmes fighting inmate Cortez? ANS. Yes
2. Are you positive it was inmate Holmes fighting?  ANS. Yes. I saw them fighting but I didn't know their names.
3. Where were you? ANS. Tower #2.
4. Did you observe more than 2 inmates fighting?  ANS. No.

14. Inmate's Testimony:

See attached.
QFHO:
1. Did you and inmate Cortez engage in a fight on the yard.    ANS. Yes we did.
2. Was there more than one fight on the yard that day?      ANS. I don't know.

---

Witness:  Michael Moore B/155349 _____     Substance of Testimony:

On that day, I was coming past the Basketball court. I noticed about 5 or 6 Mexican guys walking toward the urinals where inmate Holmes was. Some words were being said and one Mexican went up to Dexter and took a swing at him.

QFHO:  1. Did you observe a fight between inmate Holmes and inmate Cortez?  ANS. Yes.

---

Witness:  N/A _____     Substance of Testimony:

---

Witness:  N/A _____     Substance of Testimony:

---

15.  The inmate was allowed to submit written question to all witnesses.  Copy of questions and answers are attached

_____ Signature / Hearing Officer

16.  The following witnesses were not called  -  Reason not called
    1.  N/A _____        N/A _____
    2.  _____        _____
    3.  _____        _____

DCC07-0254-2

17. After hearing all the testimony, the hearing Officer makes the following findings of fact:   (Be Specific)

The Hearing Officer finds that:

Based on the sworn testimony of the Defendant under oath who stated he was involved in a fight with inmate Ramon Cortez W/227510, the testimony of the witness who stated that he observed inmate Holmes and Cortez fighting, and the Arresting Officer who stated that he observed inmates Holmes and Cortez fighting. Therefore the Hearing Officer finds that on 2/20/07 Officer S. Johnson observed inmates Dexter Holmes B/247684 and Ramon Cortez fighting on the Recreational Yard.

18. Basis for Finding of Fact:

Based on the sworn testimony of the Defendant, Witness and the Arresting Officer under oath, the Hearing Offficer finds inmate Holmes guilty as charged.

19. Hearing Officer's Decision:    __XXX__    Guilty    _____    Not Guilty

20. Recommendation of Hearing Officer:

45 Days loss of all privileges to include Store, Visiting, and Telephone. 45 Days extra duty on the Second Shift. Refer to Job Board and Classification for a review.   (GTA=None)

_____
Signature / Hearing Officer
Lieutenant Gwendolyn Tarrance
Typed Name and Title

21. Warden's Action - Date _____

Approved _____

Disapproved _____

Other (Specify) _____

_____

22. Reason if more than 30 calendar days delay in action. _____
_____

23. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above named inmate on this the _22_ day of _February_, 20_07_, at (time) _5:50_ (am / pm)

_____    _____
Signature / Serving Officer / Title         Inmate's Signature and AIS Number   247684



### STATE OF ALABAMA
### DEPARTMENT OF CORRECTIONS

DON SIEGELMAN
GOVERNOR

MICHAEL W. HALEY
COMMISSIONER

DRAPER CORRECTIONAL CENTER
P.O. BOX 1107
ELMORE, ALABAMA 36025

### I/WE LIVING AGREEMENT

We acknowledge that our problem has been resolved and that we can live at this Institution without further incident and/or disagreement between us. This statement is made of our own free will without threats or promises from anyone. I/We also agree that a copy of this agreement will be placed in my/our Institutional file(s) and any violation of this agreement will result in disciplinary action for all parties concerned.

This agreement is to be made a part of the inmate's Institutional file and any violation of this said agreement will be brought to the <u>immediate</u> attention of the Warden and/or Duputy Warden.

| NAME | AIS # | INMATE'S SIGNATURE | DATE |
|------|-------|--------------------|------|
| Tomas Garcia | W/237436 | Tomas Garcia | 2/10/07 |
| Ramon Cortez | W/227510 | Ramon Cortez | 2/10/07 |
| Dexter Holmes | B/247684 | Dexter Holmes | 2/10/07 |

| WITNESS | DATE | TIME |
|---------|------|------|
| Sgt. Sonja Rose | 2/10/07 | 4:30pm |



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DEXTER REGENE HOLMES                  )
#247684                               )
                                      )
     Plaintiff,                     )
                                      )
Vs.                                   )  2:07-CV-219-WKW
                                      )
JAMES DELOACH, et al.,                )
                                      )
     Defendants.                   )

AFFIDAVIT

Before me, a Notary Public in and for said County and State of Alabama at large,

personally appeared Officer Samuel Johnson, who being known to me and by me first

duly sworn, deposes, and says on oath as follows:

My name is Samuel Johnson. I am currently employed as a Correctional Officer with

the Alabama Department of Corrections assigned to Draper Correctional Center, Elmore,

Alabama 36025. I am over twenty-one years of age and have personal knowledge of the

facts set forth below.

On February 10, 2007 I was assigned to Tower #2. At approximately 4:20 PM I

observed two unknown inmates later identified as inmate Dexter Holmes, B/247684 and

inmate Ramon Cortez, W/227510 engaged in a physical altercation on Draper's

recreation yard behind F-Dorm. I immediately radioed to Officer Randall Hawn and all

available units to report to the back of F-Dorm. Sgt. Sonja Rose and Sgt. Marvin Thomas

and available officers responded to Draper's recreation yard. I identified inmates Cortez

and Holmes via radio to Sgt. Rose. Sgt. Thomas and Officer Hawn searched both

inmates.  Inmates Cortez and Holmes were handcuffed and escorted to the shift office by

Sgt. Thomas and Sgt. Rose.

Samuel Johnson, CO

SWORN TO AND SUBSCRIBED before me this _____ day of May 2007

Notary Public

My Commission Expire _8 / 07_



EXHIBIT

E

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DEXTER REGENE HOLMES, #247684 | ) | |
| Plaintiff, | ) | |
| Vs. | ) | 2:07-CV-219-WKW |
| JAMES DELOACH, et al., | ) | |
| Defendants. | ) | |

## A F F I D A V I T

Before me, a Notary Public in and for said County and State of Alabama at large, personally appeared Lieutenant Gwendolyn Tarrance, who being known to me and by me first duly sworn, deposes, and says on oath as follows:

My name is Gwendolyn Tarrance. I am currently employed as a Correctional Lieutenant with the Alabama Department of Corrections assigned to Draper Correctional Center, Elmore, Alabama 36025. I am over twenty-one years of age and have personal knowledge of the facts set forth below.

On February 19, 2007 at approximately 8:00 PM I was the second shift supervisor at Draper Correctional Center and held a disciplinary hearing on inmate Dexter Holmes, B/247684 for rule violation #35, Fighting without a weapon. As the hearing officer, I listened to and recorded all the evidence presented by the arresting officer, defendant, and the witness. During this hearing inmate Holmes admitted to fighting with inmate Ramon Cortez, W/227510. Therefore, based on the testimony of the defendant, witness, and arresting officer, I rendered a guilty verdict. My recommendation was 45 days loss of all

privileges to include store, visiting and telephone, 45 days extra duty on the second shift,

referral to job board and classification for a review.

Gwendolyn Tarrance, Lieutenant

SWORN TO AND SUBSCRIBED before me this 30th day of April 2007.

Notary Public

My Commission Expire 8-1-07